# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **DAVID CHARLES DILLOW, JR.** <br><br> **Defendant.** | **CASE NO. 2:23-CR-189** <br><br> **JUDGE GRAHAM** <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant David Charles Dillow, Jr. ("Defendant" or "Dillow"). For the reasons set forth herein, the United States recommends that Defendant be sentenced to a term of imprisonment of 30 months followed by a three-year term of supervised release and be ordered to forfeit the agreed items and pay a $100 mandatory special assessment.

## I. Factual Background

On or about July 18, 2006, Defendant pleaded guilty to one count of Aggravated Robbery, a Felony of the First Degree, in violation of O.R.C. § 2911.01, with a three-year firearm specification, in Case Number 06CR1138, and one count of Aggravated Robbery, a Felony of the First Degree, in violation of O.R.C. §2911.01, in Case Number 06CR2597, in the Franklin County, Ohio Court of Common Pleas. These offenses are punishable by more than one year in prison. Dillow received a total sentence of six years imprisonment on the two cases and was prohibited from possessing firearms.

On January 18, 2023, officers with the Columbus Division of Police were dispatched to a residence on a report of domestic violence involving Defendant. When officers arrived at the

residence, they found Dillow and B.D. in an upstairs bedroom; officers observed blood coming from B.D.'s mouth along with redness on her cheekbones. This was not the first incident of domestic violence involving Dillow and B.D.; in 2016, Dillow struck B.D. more than 20 times resulting in bruises all over her body.

Dillow was seated at the edge of the bed and ordered to show his hands and face the wall. He refused, but ultimately was placed in handcuffs. Dillow continued to taunt officers and stated, "You are lucky you didn't get fucking shot bitch, come in my house unannounced."

B.D. later told officers that Dillow had assaulted her and threatened to shoot her. B.D. directed officers to Dillow's firearm in the bedroom closet, which was a Smith and Wesson model 910, 9mm pistol bearing serial KJF3722. Dillow later acknowledged knowledge and ownership of the firearm on a recorded jail call, stating "I am going back to jail she gave them my gun" and "that gun was put up only me and her knew where it was at."

At the times that Defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. Moreover, the firearm that Defendant possessed was not manufactured in the State of Ohio and therefore traveled in interstate commerce to reach the State of Ohio.

II.     **Procedural History**

On September 20, 2023, a one-count Information was filed in the Southern District of Ohio charging Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(8) and included a Forfeiture Allegation. (Doc. #26). On October 4, 2023, Defendant entered a plea of guilty to Count 1, pursuant to a Rule 11(c)(1)(C) Plea Agreement that

sets forth an agreed disposition of a sentence of imprisonment not less than 15 months and not greater than 37 months. (Doc. #27). Sentencing in this matter is scheduled for June 21, 2024.

### III. Sentencing Guidelines Calculation

#### a. Statutory Maximum Sentence

The maximum sentence for Count 1 is 15 years imprisonment, three years of supervised release, forfeiture, a fine of $250,000, and a $100 special assessment.

#### b. Sentencing Guidelines Calculation

In imposing a sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). As the Presentence Investigation Report ("PSR") correctly calculates, the combined adjusted offense level is **15**. This offense level accounts for a 3-level reduction for Defendant's acceptance of responsibility and timely notification of his intention to enter a plea of guilty. Defendant falls within Criminal History Category III. Therefore, Defendant's guideline range spans from 24-30 months of imprisonment, which falls within the Rule 11(C)(1)(c) range agreed to by the parties. There are no unresolved objections to the PSR.

### IV. The Proper Sentence

Once the Court has properly calculated the guideline range, the Court must next consider all the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The illegal possession of firearms is always a serious offense. With a history of violence and substance abuse, illegal possession of a firearm by Defendant is potentially dangerous. Despite more than enough experience with the criminal justice system to know better, Dillow knowingly and intentionally possessed a firearm. A firearm that B.D. feared he could use to kill her – a fear not far-fetched given Defendant's abusive behavior.

Defendant's conduct is compounded by his criminal history, which spans two decades and a variety of offenses, many involving violence. Defendant's prior interactions with the criminal justice system and even jail sentences do not appear to have deterred him from steering clear of this illegal activity. Thus, specific deterrence is an issue in this case. Certainly, Defendant has realized other successes as of late in taking advantage of programs offered to assist with treatment, domestic violence, and managing substance abuse. Such achievements are evidence that Defendant can navigate a future that does not involve the criminal justice system if he desires.

But it is not just Defendant that the Court's sentence must deter, but others as well. And sadly, there are no shortage of illegal possession of firearms cases. For one reason or another – and many of them related to safety concerns – others, like Defendant, make the choice to illegally arm

themselves or their residences. A sentence of imprisonment in these cases sends a clear message that such illegal possession will not be tolerated, regardless of the alleged justification or need. Thus, general deterrence is particularly important, too.

## V. Conclusion

For the forgoing reasons, the United States respectfully requests that the Court sentence Defendant David Charles Dillow, Jr. to a term of imprisonment of 30 months followed by a three-year term of supervised release and be ordered to forfeit the agreed items and pay a $100 mandatory special assessment. This sentence is sufficient, but not greater than necessary, to effectuate the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/*Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
Email: jessica.knight@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing United States' Sentencing Memorandum was served this 13th day of June 2024, electronically on all counsel of record.

s/*Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney